IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| DAVID SCANLON, on behalf of himself and others similarly situated, : : : | |
| Plaintiff, : : | Case No. |
| v. : : | CLASS ACTION COMPLAINT |
| LUXOTTICA OF AMERICA, INC. : : | |
| Defendant. : : / | |

**CLASS ACTION COMPLAINT**

**Preliminary Statement**

1. Plaintiff David Scanlon ("Plaintiff") brings this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

2. Luxottica of America, Inc. ("Luxottica" or "Defendant"), who offers several consumer products including Costa Sunglasses, sent text message calls to residential telephone numbers, including the Plaintiff, which is prohibited by the TCPA, despite their presence on the National Do Not Call Registry. Moreover, Luxottica continued to send text messages to individuals who had previously informed them to stop calling, which the Plaintiff did.

3. The Plaintiff never consented to receive the calls, which were placed to him for telemarketing purposes. Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, the Plaintiff brings this action on

behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant.

4. A class action is the best means of obtaining redress for the Defendant's wide scale illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

5. Plaintiff David Scanlon is a Massachusetts resident.

6. Defendant Luxottica of America, Inc. is an Ohio corporation headquartered in this District.

## Jurisdiction & Venue

7. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

8. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District, as the telemarketing calls to the Plaintiff was placed from this District.

## The Telephone Consumer Protection Act

9. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

<u>The National Do Not Call Registry</u>

10. The TCPA specifically required the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

11. The FCC was instructed to "compare and evaluate alternative methods and procedures (including the use of … company-specific 'do not call systems …)" and "develop proposed regulations to implement the methods and procedures that the Commission determines are most effective and efficient to accomplish purposes of this section." *Id.* at (c)(1)(A), (E).

12. Pursuant to this statutory mandate, the FCC established a national "do not call" database. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 FCC Rcd. 14014* ("DNC Order").

13. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

14. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

15. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**Factual Allegations**

16. Defendant is in the business of selling consumer goods, including Sunglasses.

17. One of Defendant's strategies for marketing its services and generating business is through telemarketing.

18. Defendant telemarketing includes sending marketing text messages.

19. Recipients of these calls, including Plaintiff, did not consent to receive them.

Calls to Plaintiff

20. Plaintiff is, and at all times mentioned herein, a "person" as defined by 47 U.S.C. § 153(39).

21. The Plaintiff has received at least six text messages from the Defendant.

22. The images of some of the texts sent are below:



4





23. The texts were sent on September 28, October 14, 20, 30 (twice) and November 2, 2022 (twice) and all had similar solicitation content.

24. Mr. Scanlon, who had not provided his consent and had placed his number on the National Do Not Call Registry, sent a text asking the Defendant to stop sending texts on November 9, 2022.

6



25. Despite this, the texts continued even after Mr. Scanlon requested that they stop.

26. Subsequent texts following the stop request were sent on November 10, December 10, January 7 and 13, 2023.

27. The content of those texts were similar to the earlier texts and included the below:



28. The calls were made to Mr. Scanlon's cellular telephone number, (571) 238-XXXX.

29. Mr. Scanlon's cellular telephone number is used for residential purposes.

30. Mr. Scanlon's cellular telephone number is not associated with a business.

31. Mr. Scanlon's telephone number has been on the National Do Not Call Registry since 2003.

32. The Defendant did not have the required prior express written consent to make the telemarketing calls at issue.

33. Indeed, prior to filing this lawsuit, the Plaintiff, through counsel, sent a letter regarding the text messages.

34. The Defendant did not respond.

35. Indeed, the Defendant sent more text messages after the letter.

8

36. Plaintiff never provided their prior express written consent to receive the calls at issue.

37. The calls were not necessitated by an emergency.

38. Plaintiff's privacy has been violated by the above-described telemarketing robocalls from, or on behalf of, Defendant. The calls were an annoying, harassing nuisance.

39. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated, they were annoyed and harassed, and, in some instances, they may have been charged for incoming calls. The calls occupied their cellular telephone lines, rendering them unavailable for legitimate communication.

## Class Action Statement

40. As authorized by Rule 23(b)(2) or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

41. The classes of persons Plaintiff proposes to represent is tentatively defined as:

**National Do Not Call Registry Class**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of Defendant (3) within a 12-month period, (4) from four years prior the filing of the Complaint.

**STOP Class**: All persons in the United States whose (1) telephone numbers (2) who received more than one telemarketing calls from or on behalf of Defendant (3) within a 12-month period, (4) after previously asking the Defendant to no longer contact them (5) from four years prior the filing of the Complaint.

42. The Classes as defined above are identifiable through phone records and phone number databases.

43. The potential members of the Classes number is likely at least in the thousands based on the generic nature of the Defendant's telemarketing.

44. Individual joinder of these persons is impracticable.

45. The Plaintiff is a member of the Classes.

46. There are questions of law and fact common to Plaintiff and to the proposed Classes, including but not limited to the following:

   (a) whether Defendant systematically made multiple telephone calls to members of the National Do Not Call Registry Class;

   (b) whether Defendant made calls to Plaintiff and members of the Classes without first obtaining prior express written consent to make the calls;

   (c) whether Defendant's conduct constitutes a violation of the TCPA;

   (d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

47. Plaintiff's claims are typical of the claims of members of the Classes.

48. Plaintiff is an adequate representative of the Classes because his interests do not conflict with the interests of the Classes, he will fairly and adequately protect the interests of the Classes, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

49. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or their agents.

50. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

51. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

52. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

53. The Defendant's violations were negligent, willful, or knowing.

54. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

55. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

**SECOND CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the STOP Class)**

56. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

11

57. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite them having previously requested that the Defendant no longer contact them.

58. The Defendant's violations were negligent, willful, or knowing.

59. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Certification of the proposed Classes;

B. Appointment of Plaintiff as a representative of the Classes;

C. Appointment of the undersigned counsel as counsel for the Classes;

D. A declaration that Defendant and/or their affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making calls, except for emergency purposes, to any residential number listed on the National Do Not Call Registry in the future.

F. An award to Plaintiff and the Classes of damages, as allowed by law; and

**G.** Orders granting such other and further relief as the Court deems necessary, just, and proper.

## JURY DEMAND

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

PLAINTIFF,
By their attorneys

GILES & HARPER, LLC

/s/ Brian T. Giles
Brian T. Giles (OH Bar No. 0072806)
 Trial Attorney
1470 Apple Hill Road
Cincinnati, Ohio 45230
513-379-2715
bgiles@gilesharper.com


Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com
*Subject to Pro Hac Vice*

Alex M. Washkowitz
Jeremy Cohen
CW Law Group, P.C.
188 Oaks Road
Framingham, MA 01701
alex@cwlawgrouppc.com
*Subject to Pro Hac Vice*